**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3475
_____

PATRICK GAITENS; YVONNE GAITENS,
                                            Appellants

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-01011)
District Judge: Hon. Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Friday, June 19, 2020
_____

Before: SMITH, *Chief Judge*, CHAGARES, and PORTER,
*Circuit Judges*

(Filed: July 16, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Plaintiffs Patrick and Yvonne Gaitens brought this lawsuit against the United States under the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq*.). They alleged that two doctors at the Wilmington Veterans Administration Medical Center committed medical negligence when they reviewed the 2014 and 2015 CT scans of Mr. Gaitens's lungs. After a bench trial, the District Court thoroughly and thoughtfully reviewed all the evidence and concluded that neither doctor was medically negligent. For the following reasons, we will affirm.[1]

Plaintiffs argue that two findings of fact by the District Court were clear errors. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

First, Plaintiffs argue that the District Court committed a clear error when it found that the doctor who reviewed Mr. Gaitens's 2014 CT scan was not medically negligent by failing to identify an eight-millimeter nodule in Mr. Gaitens's left lung apex. According to Plaintiffs, the doctor mistook the eight-millimeter nodule for scarring in Mr. Gaitens's left lung and was thus medically negligent.

The District Court rejected Plaintiffs' argument based on the expert testimony adduced at trial. For example, the District Court found that, because Mr. Gaitens's 2013 CT scan was not available for comparison, a radiologist could not have distinguished

---

[1] The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1346(b)(1). We have appellate jurisdiction under 28 U.S.C. § 1291.

between a nodule and scarring. The District Court based this conclusion on testimony provided by Plaintiffs' experts. And the District Court found that the testimony from Plaintiffs' experts was consistent with the testimony proffered by the United States's expert. That expert, who did not compare the 2014 CT scan to the 2013 CT scan, concluded that Mr. Gaitens's left lung apex had scarring—and not a nodule.

What's more, the District Court credited the United States's expert when he testified that the structure that appeared in the left lung apex on Mr. Gaitens's 2014 CT scan was scarring. The expert explained that the structure in Mr. Gaitens's left lung apex was scarring based on its "linear morphology." App. 8. The District Court credited this testimony for two reasons. First, it was consistent with professional guidelines followed by doctors at the hospital in 2014. And second, one of Plaintiffs' experts testified that the nodule in Mr. Gaitens's left lung apex appeared linear in at least one place.

"[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) (citation omitted). Here, the District Court carefully considered all the expert testimony and determined that the doctor's failure to identify the nodule in Mr. Gaitens's left lung apex did not amount to medical negligence. App. 8–9. In short, the District Court's conclusion is logical and consistent with testimony proffered by both Plaintiffs' and the United States's experts. Having reviewed its analysis, we are not "left with the definite and firm conviction that a mistake has been committed." *See U.S.*

3

*Gypsum Co.*, 333 U.S. at 395.

Second, Plaintiffs contend that the District Court committed clear error by failing to discuss one of its arguments—that the hospital committed medical negligence by failing to have a radiologist compare Mr. Gaitens's 2014 CT scan to his prior scans. But the District Court addressed this argument in its well-reasoned opinion, *see* App. 8, and from the bench, *see* App. 221. As previously stated, the District Court made a finding that Mr. Gaitens's 2013 CT scan and his other prior CT scans were not available for comparison with his 2014 CT scan. Because the District Court found that Mr. Gaitens's prior scans were not available for comparison, neither the doctor nor the hospital could have been medically negligent by failing to compare the 2014 CT scan to prior scans that were not available. Thus, the District Court's finding is not clear error. *See U.S. Gypsum Co.*, 333 U.S. at 395.

*       *       *

Because the District Court committed no clear errors, we will affirm.

4